**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL PADILLA, | No. 20-15787 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-06123-EJD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 16, 2021**
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Miguel Padilla appeals the district court's order affirming the Administrative

Law Judge's ("ALJ") decision denying Padilla's application for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We affirm.

1.    Padilla asserts that the ALJ improperly discounted his symptom testimony. However, the ALJ reasonably found that Padilla's testimony regarding his alleged limitations was inconsistent with his daily activities, his past statements regarding his symptoms, the objective medical evidence, the conservative treatment of prescription medications and exercises—especially considering that he failed to comply with the treatment regimen, and his reported history of improvement. Thus, the ALJ had clear and convincing reasons to partially discount Padilla's testimony. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (daily activities); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (past statements and objective medical evidence); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment). Because the ALJ's decision is supported by substantial evidence, we must uphold it. *See Robbins*, 466 F.3d at 882.

2.    Padilla also argues that the ALJ erred in evaluating the medical opinion of his treating physicians, Drs. Gee and Hoffman. The ALJ may discount the contradicted opinion of a treating physician "by providing specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). The ALJ gave Dr. Gee's

opinion "little weight" because it described only temporary limitations, relied on Padilla's self-reports which were properly discounted, and was unsupported and contradicted by the objective medical evidence. The ALJ partially discounted Dr. Hoffman's opinion because it relied on Padilla's properly discredited subjective complaints and it was inconsistent with the objective medical evidence, conservative treatment regimen, and Padilla's past statements regarding the severity of his conditions. The ALJ therefore had specific and legitimate reasons to discount the opinions of Drs. Gee and Hoffman. *Bray*, 554 F.3d at 1227–28 (reliance on discounted symptom testimony); *id.* (objective medical evidence); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (conservative treatment); *Johnson*, 60 F.3d at 1433 (temporary disability). Padilla urges that we adopt a different view of the evidence, but we must uphold the ALJ's decision because substantial evidence supports it. *Robbins*, 466 F.3d at 882.

3.   Padilla next asserts that the ALJ erred in partially discounting the opinion of Dr. McCord, an examining psychologist. Dr. McCord's opinion was contradicted by the state agency consultants, so we review for whether the ALJ provided specific and legitimate reasons to discount it. *Revels*, 874 F.3d at 654.

The ALJ reasoned that some of the limitations Dr. McCord assessed were "overly restrictive in light of [Padilla's] minimal mental health treatment of record" and his "one-time evaluation of" Padilla. The ALJ also noted that Padilla

3

stated "that he no longer had confusion issues" only days before seeing Dr. McCord, while Dr. McCord reported that "[i]t was obvious that he could not understand certain things."  Additionally, the ALJ gave significant weight to the agency consultants' opinions, which were inconsistent with Dr. McCord's opinion, and the ALJ noted an examining psychologist found that Padilla had normal concentration, while Dr. McCord found moderate-to-severe limitation.  The ALJ's decision encompasses specific and legitimate reasons to discount Dr. McCord's opinion that are supported by substantial evidence.  *See Bray*, 554 F.3d at 1227–28; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

4. Finally, Padilla argues that the vocational expert's testimony that he could perform certain occupations, despite his limitations, conflicted with the description of those occupations in the Dictionary of Occupational Titles ("DOT").  When there is an "obvious or apparent" conflict between the vocational expert's testimony that a claimant can perform an occupation and the DOT's description of that occupation's requirements, "the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled."  *See Gutierrez v. Colvin*, 844 F.3d 804, 807–08 (9th Cir. 2016).  Naturally, this duty is not triggered where it is unlikely that the identified occupation would require the claimant to perform a task that exceeds his limitations.  *Id.* at 808.

Padilla contends that the occupations that the VE identified conflict with the

DOT given the ALJ's finding that Padilla is limited to "only occasional changes to the essential job functions."  It is unlikely, however, that two of the identified occupations, office helper (DOT 239.567-010) and counter clerk (DOT 249.366-010)—which each require a reasoning level of 2—involve more than occasional changes to essential job functions.  Level 2 reasoning requires the ability to "[d]eal with problems involving a few concrete variables in or from standardized situations."  U.S. Dep't of Labor, *Dictionary of Occupational Titles* app. C (4th ed. 1991).  But it does not speak to whether an "essential, integral, or expected" part of being an office helper or counter clerk entails changing essential job functions more than occasionally such that there is an apparent conflict here.  *See Gutierrez*, 844 F.3d at 808.  Nor do the DOT's descriptions of office helper or counter clerk indicate that it is likely that either occupation requires more than occasional changes in essential job functions.  Indeed, the DOT's description of office helper has a discrete list of several specific duties, suggesting that the essential duties of an office helper remain rather invariable.  Thus, there was no obvious or apparent conflict between the VE's testimony and the DOT.[1]

**AFFIRMED.**

---

[1] To the extent the ALJ failed to reconcile the conflict between the limitation to simple, routine tasks and the third identified job, furniture rental consultant, DOT 295.357-018, which requires a reasoning level of 3, any such error was harmless given that Padilla could perform at least one of the jobs the VE identified. *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015).